CARLTON, J.,
dissenting:
¶ 21. I respectfully dissent from the majority’s opinion, and I would affirm the chancellor’s judgment. In his opinion, the chancellor found the present case akin to In re Estate of Thomas, 883 So.2d 1173 (Miss.2004), since the administrator in both cases failed to provide notice of the administration of the intestate’s estate to the illegitimate heir. An administrator of an estate possesses “a duty to use reasonable diligence to ascertain potential heirs.” Id. at 1177 (¶ 12).[2] Administrators also possess the duty to “provide notice to known or reasonably ascertainable illegitimate children who are potential heirs and whose claims would be barred if the [ninety]-day statutory period had run.” Id. The chancellor herein acknowledged in his opinion that in Estate of Thomas, the Mississippi Supreme Court reversed the decision of this Court and rendered an opinion holding that the one-year limitation period can be tolled in a determination-of-heirs suit because the administrator failed in her duty to use reasonable diligence to ascertain potential heirs and to provide notice to known or reasonably ascertainable illegitimate children who are potential heirs to the intestate’s estate. Id. at 1179 (¶ 3); see also In re Estate of Johnson, 705 So.2d 819, 822 (Miss.1996); Smith ex rel. Young v. Estate of King, 579 So.2d 1250, 1252 (Miss.1991).
¶ 22. After reviewing the law applicable to the time limitation, tolling, and requirements of due-process notice, and the law favoring inheritance by illegitimate children, the chancellor then provided that in the instant case, the record is apparent that Kathleen, the administrator, knew of Cedric’s status as a the possible illegitimate son of the decedent, Boyce, and failed to provide him notice of the administration. The chancellor acknowledged that *714 Cedric and Boyce worked together, that Cedric’s name was listed in Boyce’s obituary, and that Cedric attended Boyce’s funeral. The chancellor found that Kathleen’s failure to provide Cedric notice of the administration of Boyce’s estate and her failure to provide Cedric with the notice of publication to the creditors prohibited Cedric from conforming to the statutory time limit set forth in Mississippi Code Annotated section 91 — 1—15(3)(c) (Rev. 2013). Under Mississippi law, an administrator acts as the fiduciary for all persons interested in the estate. Estate of Thomas, 883 So.2d at 1177 (¶ 12). The chancellor found that the Kathleen’s failure in her duty to provide such notice resulted in the tolling of the ninety-day time limit of section 91 — 1—15(3)(c).[3] The chancellor then allowed Cedric to intervene and establish heirship and paternity and, after a hearing on this matter, the chancellor entered an order finding Cedric to be the illegitimate son of Boyce.
¶ 23. Similar to the evidence establishing paternity summarized by this Court in In re Estate of Kendrick, 46 So.3d 386, 390 (¶ 17) (Miss.Ct.App.2010), the recoi’d further shows that the chancellor heard testimony from various witnesses with personal-knowledge attesting to Boyce’s public acknowledgments of his paternity of Cedric and also of his financial support of Cedric over the.years. The record shows Boyce paid for Cedric’s college tuition at Northwest Community College. Cedric worked with Boyce at his restaurant and testimony reflects Boyce introduced Cedric as his son. A photograph of Cedric and Boyce was displayed at a family reunion, along with other pictures of family members. The record shows that when Cedric came home from college, he lived with Boyce and his wife, Kathleen. Cedric’s mother, Linda Brown, testified as to her former romantic relationship with Boyce and as to Cedric’s birth at home. She also testified as to her exclusive sexual relationship with Boyce when Cedric was conceived. A review of the testimony in the record from the heirship/paternity hearing shows Boyce publicly acknowledged to others that he had a child coming before Cedric was born. Cedric testified about Boyce’s public acceptance and acknowledgment of him as a son and of Boyce teaching him the restaurant business.[4] Cedric also explained that Kathleen pulled him aside after his father passed away and told him that she knew that Cedric was Boyce’s son. Cedric also testified as to Kathleen’s subsequent change in behavior towards him after Boyce’s death.
¶ 24. The chancellor found that Kathleen alone challenged the paternity, and found that all the other witnesses that testified confirmed Boyce’s acknowledgment of Cedric as his son and supported Cedric’s claim of paternity. After reviewing all the evidence and testimony, the chancellor found by clear and convincing evidence that Cedric was shown to be Boyce’s son.
¶ 25. The majority reverses the decision of the chancellor, finding Cedric to constitute a lawful heir of Boyce, and renders a judgment dismissing Cedric’s complaint for a determination of heirs/paterni7 ty. In Estate of King, 579 So.2d at 1254, the Mississippi Supreme Court explained that the ninety-day time limit is not self-executing, and “operates in conjunction with the probate proceedings to bar the petitioner’s right to assert a claim to the deceased’s property.” The Estate of King *715 court found that the administrator “was required to provide actual notice to known or reasonably ascertainable illegitimate children who were potential heirs and whose claims would be barred by the running of the ninety[-]day period from the notice of publication to creditors under ... [section] 91 — 1—15(3)(c).” Estate of King, 579 So.2d at 1254. The supreme court explained that “to hold otherwise would encourage administrators and executors to do exactly what Mrs. King [ (the administrator) ] did” and, like the Kathleen in the case before us, “benefit as an heir at law” by failing to perform her duty to provide notice and “setting in motion the shorter filing period.” Id. Mississippi Supreme Court precedent holds that an administrator “may not take inconsistent positions which could be detrimental to beneficiaries, on the one hand, and beneficial to herself on the other hand.” Estate of Johnson, 705 So.2d at 823 (¶ 30).
¶ 26. I respectfully dissent, as I find substantial evidence supporting the chancellor’s finding that Kathleen’s failure to provide Cedric notice of the administration of Boyce’s estate resulted in the tolling of the ninety-day time limit of section 91 — 1— 15(3)(c). Accordingly, I would affirm the chancellor’s judgment allowing Cedric to intervene and finding Cedric to be a lawful heir of Boyce. As stated in Estate of Kendrick, 46 So.3d at 389-90 (¶ 14), “we will not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous.” Additionally, “[i]f there is substantial evidence to support the chancellor’s findings of fact, those findings must be affirmed.” Id. at 390 (¶ 14).[5]

. An administrator possesses a statutory duty to provide notice. See Miss.Code Ann. § 91-1-29 (Rev.2013).

. See Miss.Code Ann. § 91-1-29 (notice required by statute).

. See also In re Estate of Robinson, 540 So.2d 30, 34 (Miss. 1989) (finding illegitimate son established paternity of decedent by clear and convincing evidence, which included testimony of witnesses and by implied acknowledgments).

. See also Estate of King, 579 So.2d at 1252 (finding administrator perpetuated a fraud on the court by failing to tell the court about a potential heir).